## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | No. 08-323-01 |
| GERALD TARBORO | | |

### MEMORANDUM

SCHMEHL, J. */s/JLS*                                                    June 5, 2023

On January 12, 2009, Defendant pled guilty to Counts One through Five and Count Eight of an indictment charging him and a co-defendant with conspiracy to distribute 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§846 and 841(a)(1), (b)(1)(A) (Count One); distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Two and Three); distribution of 50 grams or more of cocaine base ("crack"), and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count Four); possession with intent to distribute cocaine, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C) (Count Five); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Eight).

On June 12, 2009, Defendant was sentenced by the late Honorable James Knoll Gardner to a term of 180 months' imprisonment followed by a five-year term of supervised release. On March 8, 2019, the Court, by agreement of the parties, reduced the Defendant's term of imprisonment to time served, pursuant to the First Step Act of 2018.[1] Following his release from prison on March 21, 2019, Defendant has served

---

1  The First Step Act authorizes federal district courts to impose a reduced sentence for covered crack cocaine offenses where the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, §§ 2-3, would have applied had that Act been in effect when the covered offense was

about fifty months of his sixty-month term of supervised release. On November 8, 2022, Defendant filed the instant Motion for Early Termination of Probation (supervised release) and advances several reasons in support of the Motion: (1) he is a productive member of society engaged in employment to help support his family; (2) he has fulfilled his financial obligations under his sentence; (3) he has substantially complied with the terms of his supervised release and has served the majority of the five-year term; (4) he wishes to travel outside the Eastern District of Pennsylvania to pursue more lucrative job opportunities; and (5) early termination of his supervised release satisfies the interest of justice.

In its Response in Opposition, the Government claims that the appellate waiver provision in Defendant's plea agreement precludes him from filing this Motion citing *United States v. Damon*, 933 F.3d 269 (3d Cir. 2019). The Government further asserts that Defendant's stated reasons for early termination do not warrant early termination. For reasons that follow, the Motion will be granted.

First, Defendant is not precluded from filing the present Motion. Although the Government relies on *Damon* in support of its argument that Defendant cannot move for early termination of his supervised release because the Motion "challenges" his sentence, the appellate waiver provision our Court of Appeals considered in *Damon* is different from the appellate waiver provision agreed to by Defendant in his Plea Agreement with the Government. In *Damon*, the defendant entered into a plea agreement which included an appellate waiver provision that precluded him from filing "any appeal, collateral attack, **or any other writ or motion** . . . which challenges the sentence imposed." 933 F.3d at 271 (emphasis added). By contrast, the appellate waiver provision in this case provides:

---

committed. See First Step Act § 404(b), 132 Stat. at 5222.

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

ECF 69, p.5.

Defendant's appellate waiver provision is much narrower than the one present in *Damon* because it does not contain the same broad waiver of *any motion* that challenges the underlying sentence. Rather, it only references an appeal or collateral attack on his sentence. Moreover, *Damon* "focused significant attention on the 'challenges the sentence imposed' language in the plea agreement . . . ." *United States v. Fluellen*, No. 09-497, 2022 WL 309159, at *6 (E.D. Pa. Feb. 2, 2022)(Smith, J.) (citing *Damon*, 933 F.3d at 274-75).

Courts distinguishing *Damon* have held that motions for early termination of supervised release are neither appeals nor collateral attacks of the underlying sentence. In *United States v. Mabry,* 528 F. Supp. 3d 349 (E.D. Pa. 2021), the court applied "contract law standards" and, "[g]iven the ordinary meaning of 'appeal' and 'collateral attack,'" held that the appellate waiver provision does not bar an early termination of supervised release through the filing of a motion. 528 F. Supp. 3d at 354 (quoting *Damon*, 933 F.3d at 272) (internal quotation marks and citation omitted)(Robreno, J.).

In addition, motions for early termination of supervised release are not collateral attacks. See *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) (explaining that collateral attacks "complain about the substance of, or proceedings that determined, a defendant's original sentence or conviction. It is by no means obvious that a defendant's motion to modify his sentence . . . would be reasonably understood as a 'collateral attack' on his sentence as opposed to a motion prospectively to modify a

3

sentence based on events occurring after the original sentence was imposed"); *Mabry*, 528 F. Supp. 3d at 354; *Fluellen*, 2022 WL 309159, at *6 ("Typically, a collateral attack is made against a point of procedure or another matter not necessarily apparent in the record, as opposed to a direct attack on the merits exclusively.") (quoting BLACK'S LAW DICTIONARY (11th ed. 2019)).

Additionally, in *United States v. Crews*, the court explained why motions for early termination of supervised release are not collateral attacks:

> While [defendant] waived the right to appeal and collaterally attack his sentence in his Guilty Plea Agreement, he did not waive the right to file any other sort of motion with respect to his sentence. The instant motion does not constitute an appeal of [defendant's] sentence, request reconsideration of his sentence, or ask us to reverse or vacate any part of his sentence. The Court therefore concludes that the instant Motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) does not constitute an appeal or collateral attack of [defendant's] sentence, which would be covered by the appellate waiver and, accordingly, we conclude that [defendant] did not waive his right to bring the instant Motion in his Guilty Plea Agreement.

2020 WL 6581430, at *2 (E.D. Pa. Nov. 10, 2020)(Padova, J.).

Shortly after *Damon* was decided, the Court of Appeals considered the validity of an appellate waiver provision substantively identical to the one in this case in *United States v. Oyerinde*, 784 F. App'x 111 (3d Cir. 2019), a non-precedential decision. In *Oyerinde*, the defendant filed a motion for early termination of supervised release in the district court. In opposing the motion, the government did not raise a waiver argument. The district court denied the motion on the merits. Defendant appealed. On appeal, the government invoked the appellate waiver provision contained in defendant's guilty plea. The Court of Appeals held:

> At its core, Defendant's motion for early termination of supervised release challenged his original sentence by seeking to shorten the term of his supervised release.

> Contrary to Defendant's characterization of his appellate claim as a question of law, and regardless of the chronological posture of the facts that Defendant relied on in support of his motion, Defendant's appeal from the denial of the motion for early termination of supervised release likewise implicates his sentence. We will therefore grant the Government's motion to enforce the appellate waiver because Defendant's challenge to his supervised release term falls within the scope of the appellate waiver.

*Oyerinde*, 784 F. App'x at 113-114.

The holding of *Oyerinde* was clearly limited to the defendant's waiver of the right to appeal the denial of the motion, and because the government had not invoked the waiver before the district court, the Court of Appeals did not decide the issue of whether a motion for early termination of supervised release is itself barred by the defendant's appellate waiver provision. *Mabry*, 528 F. Supp. 3d at 354 n.1; *Fluellen*, 2022 WL 309159 at *6 n.3; *United States v. Weems*, No. CR 09-708-1, ECF 143 (E.D. Pa. January 6, 2023)(Slomsky, J.) [2]

Since the appellate waiver provision at issue here by its own terms only applies to appeals and collateral attacks on a sentence of which a motion for early termination of supervised release is neither, the appellate waiver provision is not applicable.

Having concluded that Defendant's appellate waiver provision does not preclude the filing of the present Motion, the Court must next consider whether the provisions of

---

[2] Other Judges in this District have held that motions for early termination of supervised release are barred by the same appellate waiver provision under scrutiny in this case. See *United States v. Clark*, 2021 WL 3737195 at *3 (E.D. Pa. Aug. 24, 2021)(Kearney, J.); *United States v. Acosta*, Cr.No. 15-00548-1, ECF No. 57 (Aug. 10, 2021), motion for reconsideration denied ECF No. 62 (Nov. 2, 2021)(Slomsky, J.); *United States v. Thompson*, Cr.No. 09-00797-1, ECF No. 46 (Apr. 29, 2021)(Rufe, J.); *United States v. Wadlington*, 2022 WL 206173, at *1 (E.D. Pa. Jan. 24, 2022)(Bartle, J.); *United States v. Lui*, 2021 WL 242476 at *2 (E.D. Pa. Jan. 22, 2021)(Kearney, J.); *United States v. Ball*, 2021 WL 51461 at *3 (E.D. Pa. Jan. 6, 2021)(Kearney, J.) These cases all relied largely on the Court of Appeal's language in *Oyerinde* that the defendant's motion "challenged his original sentence by seeking to shorten the term of his supervised release[,]" and such a "challenge to his supervised release term falls within the scope of the appellate waiver" in his plea agreement. *Oyerinde,* 784 F. App'x at 113-14. However, as Judge Robreno explained in *Mabry,* reliance on *Oyerinde* is misplaced because *Oyerinde* only addressed whether an appeal from the denial of a motion for early termination is barred, not whether a motion for early termination is itself barred as a collateral attack. *Mabry*, 528 F. Supp. 3d at 354 n.1.; *Fluellen*, 2022 WL 309159 at *6 n.3.

18 U.S.C. § 3553(a)(1)-(7) support early termination of Defendant's supervised release. In the instant case, the pertinent factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; . . . 18 U.S.C. § 3553(a)(1)-(7); see also *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020) ("District Courts are not required to make specific findings of fact with respect to each of these factors; rather 'a statement that [the district court] has considered the statutory facts is sufficient.'")

Here, the Court has considered all these factors in deciding the Motion to Terminate Supervised Release. In considering these factors, the Court has considered the seriousness of the offenses. In this case, Defendant pled guilty to one count conspiracy to distribute more than 50 grams of cocaine, two counts of distribution of cocaine, one count of distribution of more than 50 grams of cocaine base ("crack"), one count of possession with intent to distribute cocaine and one count of possession of a firearm in furtherance of a drug trafficking crime. The Court also is aware that Defendant has a prior conviction in the Monroe County Court of Common Pleas in 2006 for making terroristic threats and recklessly endangering another person. The seriousness of Defendant's offenses in this case and his criminal history were already taken into account by Judge Gardner when he imposed his sentence.

Defendant has served his prison sentence for these offenses and has been on supervised release for about fifty months of his sixty-month supervised release term. He therefore is seeking to terminate his supervised release at a late stage of his term. He lives with his wife in Coopersburg, Pennsylvania and is employed at SmitHan Company,

6

Inc. in Bethlehem as a welder and millwright.[3] He has demonstrated that he is no longer a threat to the public. Moreover, he has fulfilled all of his conditions of supervised release, including all financial obligations.

After consideration of the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), 18 U.S.C. § 3583(e)(1) states that a court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). In addition, a "district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53.

Here, the conduct of Defendant and the interest of justice warrant early termination of his supervised release as do the factors under § 3553(a). While the Court agrees with the government that "habitual shortening of imposed sentences [may] undermine the public's confidence and offend the expectations of the victims of crime," ECF 110 at p. 17, it must also be noted that a defendant should be incentivized to comply with the conditions of his supervised release and be able to quickly reintegrate into society. In addition, permitting early termination of a defendant's supervised release in cases where the defendant has been in compliance with the terms of the supervised release over a majority of the term will allow the Probation Office to save the

---

3 In fact, the Vice President of SmitHahn Co. has written a letter to the Court requesting that Defendant be allowed to travel to outside jurisdictions without having to first obtain advanced authorization for each trip. ECF 103-1.

unnecessary time and expense of having to continue to monitor a defendant who has clearly complied with the terms of his supervised release and has demonstrated that he is ready to renter society. In short, where, as here, requiring the defendant to serve the remainder of his supervised release term "would have a de minimis (if any) purpose in furthering the sentencing purposes in § 3553(a)," early termination is in the interest of justice. *United States v. Etheridge*, 999 F. Supp. 2d 192, 199 (D.D.C. 2013).